## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SHERLINE JEAN-LOUIS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:22-cv-01037 |
| AMERIFINANCIAL SOLUTIONS, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## <u>COMPLAINT</u>

NOW comes SHERLINE JEAN-LOUIS ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of AMERIFINANCIAL SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4.   Plaintiff is a consumer over the age-of-18 residing within the Northern District of Texas.

5.   Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39).

6.   Defendant provides third party debt collection services.  Defendant is a limited liability company headquartered at 300 Redland Ct., Suite 207, Owing Mills, Maryland.  Defendant regularly collects upon consumers located within the state of Texas.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9.   The instant action stems from Defendant's attempts to collect a personal medical debt ("subject debt") from Plaintiff.

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

11. Upon information and belief, Defendant began attempting to collect upon the subject debt around early 2022.

12. Around February 2022, Defendant mailed or caused to be mailed a letter to Plaintiff in an attempt to collect upon the subject debt.

13. The subject debt did not belong to Plaintiff and it was allegedly incurred by a person with a similar name to Plaintiff's.

14. Upon speaking with Defendant, Plaintiff informed it that she does not recognize or owe the subject debt.

15. Moreover, Plaintiff requested validation of the subject debt if Defendant continued to attempt to collect it from her.

16. Defendant refused to provide Plaintiff with any information regarding the debt despite the information she provided.

17. Nevertheless, Defendant continued attempting to collect the subject debt from Plaintiff.

18. Frustrated over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights.

19. Plaintiff has incurred costs and expenses consulting with and retaining her attorney as a result of Defendant's conduct.

20. Plaintiff has suffered concrete harm due to Defendants conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress.

21. Plaintiff was further subjected to deceptive and misleading conduct by Defendant, which materially impacted and shaped his reaction and course of conduct in response to Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

3

25. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692e

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A); and

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to represent that it could collect the subject debt when it knew or should have known that Plaintiff did not owe the subject debt and that she disputed it. Defendant's actions only served to worry and confuse Plaintiff.

### b. Violations of FDCPA § 1692f

30. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

31. Defendant violated §1692f by employing unfair means to collect upon the subject debt from Plaintiff. Specifically, it was unfair for Defendant to attempt to extract monies from an innocent consumer.

32. As pled in paragraphs 19 through 21, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, SHERLINE JEAN-LOUIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a. Violations of TDCA § 392.304**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendant violated the TDCA when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to represent that it could collect the subject debt when it knew or should have known that Plaintiff did not owe the subject debt and that she disputed it. Defendant's actions only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, SHERLINE JEAN-LOUIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 9, 2022

Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148

(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com