**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SHERLINE JEAN-LOUIS,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **Case No. 3:22-cv-01037-C** |
| | § | |
| **AMERIFINANCIAL SOLUTIONS,** | § | |
| **LLC,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE
TO PROCEED WITHOUT LOCAL COUNSEL WITH INCORPORATED BRIEF**

Defendant, AmeriFinancial Solutions, LLC ("AFS"), by and through its undersigned counsel, seeks leave to proceed in this lawsuit without local counsel pursuant to Rule 83.10(a) of the Local Rules for the United States District Court for the Northern District of Texas ("LR 83.10(a)"), and in support thereof states as follows:

1.     LR 83.10(a) states, in pertinent part: "Unless exempted by LR 83.11, local counsel is required in all cases where an attorney appearing in a case does not reside or maintain the attorney's principal office in this district. 'Local counsel' means a member of the bar of this court who resides or maintains the attorney's principal office in this district and whose residence or principal office is located within 50 miles of the courthouse in the division in which the case is pending." LR 83.10(a) further states, in pertinent part: "Attorneys desiring to proceed without local counsel must obtain leave from the presiding judge."

2.     AFS' undersigned counsel, Kevin T. Crocker ("Attorney Crocker"), does not reside in or maintain a principal office within 50 miles of the courthouse in the Fort Worth Division of the United States District Court for the Northern District of Texas, Fort Worth

Division. Rather, Attorney Crocker would show that he is a resident of Colorado who maintains an office in both his firm's Golden, Colorado office and in his firm's Austin, Texas office. Because Attorney Crocker does not reside in or maintain an office within 50 miles of the courthouse in the Fort Worth Division, AFS respectfully requests relief from the local counsel requirement set out in LR 83.10(a) and CRI also requests leave for Attorney Crocker to proceed in this matter without local counsel.

3.      Plaintiff's Complaint consists of two counts against AFS. [ECF No. 1]. Specifically, in Count I, Plaintiff alleges that AFS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* [ECF No. 1, pp. 3-5, ¶¶ 22-32]. And, in Count II, Plaintiff alleges that AFS violated the Texas Debt Collection Act ("TDCA"), Chapter 392 of the Texas Finance Code Annotated. [ECF No. 1, pp. 5-6, ¶¶ 33-38]. Both of Plaintiff's Counts against AFS are premised upon the same factual allegations, *i.e.*, Plaintiff alleges that AFS attempted to collect a medical debt from Plaintiff that did not belong to, and is not owed by, Plaintiff; and, that AFS allegedly refused to validate the debt after being requested to do so by Plaintiff. [ECF No. 1, pp. 2-3, ¶¶ 9-21].

4.      AFS has retained Attorney Crocker to represent it in this litigation because of his experience in handling FDCPA and TDCA claims such as the ones alleged in this case. Given the retention of Attorney Crocker, AFS is attempting to keep its attorneys' fees and costs incurred in connection with this matter to a further minimum. Requiring AFS to also retain local counsel who works or resides within fifty (50) miles of this Court's courthouse in an FDCPA and TDCA case such as this would cause AFS to incur additional defense costs and attorneys' fees, particularly given the duties imposed upon local counsel by LR 83.10 (a). Therefore, AFS respectfully requests that it be permitted to proceed in this lawsuit without local counsel who

works or resides within fifty (50) miles of this Court's courthouse.

5.     As further support for AFS' request, Attorney Crocker would respectfully show
the following:

> (a).   Attorney Crocker is admitted to practice before this Court, having been
> admitted to practice in this Court since August of 1992. Attorney Crocker
> certifies that he has read and is familiar with this Court's Local Rules. He
> has also read and is familiar with this Court's prior holding in *Dondi*
> *Properties Corp. v. Commerce Sav. & Loan Assoc.*, 121 F.R.D. 284 (N.D.
> Tex. 1988). Additionally, he has read and is familiar with this Court's
> "Judge Specific Requirements."

> (b).   While in law school, Attorney Crocker served as a judicial intern for two
> United States District Judges in the Western District of Texas, San
> Antonio Division.

> (c).   Following graduation from law school, Attorney Crocker served as a law
> clerk for a United States District Judge in the Northern District of Texas,
> Fort Worth Division.

> (d).   Attorney Crocker has been licensed to practice law in the state of Texas
> since 1991 and has also been licensed to practice law in the state of
> Colorado since 2020.

> (e).   In addition to being admitted to practice before this Court, Attorney
> Crocker is also admitted to practice before the following federal district
> and appellate courts:  United States District Court for the Southern District
> of Texas (admitted since August 18, 1998), United States District Court

3

for the Eastern District of Texas (admitted since December 28, 2000), United States District Court for the Western District of Texas (admitted since April 10, 2014), United States District Court for the Southern District of Indiana (admitted since August 5, 2014), United States District Court for the District of Colorado (admitted since March 6, 2017), United States District Court for the Western District of Wisconsin (admitted since April 25, 2019), Fifth Circuit Court of Appeals (admitted since June 6, 2019), United States District Court for the Eastern District of Missouri (admitted since February 20, 2020), United States District Court for the Western District of Oklahoma (admitted since June 16, 2021), and United States District Court for the Northern District of Illinois (admitted since October 27, 2021).

(f).    Attorney Crocker is in good standing in all jurisdictions and in all courts to which he has been licensed and/or admitted to practice.

(g).    Attorney Crocker has also been granted *pro hac vice* admission in cases proceeding before various other federal district courts across the country, including in the United States District Court for the Northern District of Georgia, the United States District Court for the District of Maryland, the United States District Court for the District of Kansas, the United States District Court for the Western District of Louisiana, and the United States District Court for the Western District of Missouri.

(h).    Attorney Crocker has not been subjected to discipline or sanctions by any state bar association or by any court to which he has been licensed,

admitted, or granted *pro hac vice* admission.

(i).    Attorney Crocker's litigation practice primarily consists of the investigation and defense of consumer-related claims, including claims brought under the FDCPA, the TDCA, the Telephone Consumer Protection Act ("TCPA"), the Fair Credit Reporting Act ("FCRA"), the Texas Deceptive Trade Practices Act ("DTPA"), and similar federal and state consumer-protection statutes.

(j).    Attorney Crocker has extensive experience handling consumer litigation matters, and in fact has handled numerous consumer-related cases before various state and Federal Courts in which he has been licensed, admitted, or granted *pro hac vice* admission. Since approximately 2004, Attorney Crocker has been involved in hundreds of cases and claims involving the FDCPA, FCRA, TCPA, and other federal and state consumer-protection statutes. Attorney Crocker's practice also includes regulatory compliance services pertaining to various federal, state, and municipal consumer protection statutes, regulations and ordinances applicable to the accounts receivable management industry, including to original creditors and individuals and businesses involved in the debt collection and debt buying sectors of the industry.

(k)    Attorney Crocker is ready, willing, and able to attend, in person, a conference, hearing or trial of this action. As mentioned previously, Attorney Crocker works out of, and maintains offices at, his firm's Golden, Colorado and Austin, Texas offices.  Respectfully, there are daily

5

multiple flights on various airline carriers to, from and between the airports in Austin, Denver, and the Dallas-Fort Worth metroplex should the Court require Attorney Crocker to appear in person at a conference, hearing, or trial of this action.

7.     Finally, as reflected in the Certificate of Conference below, Attorney Crocker has conferred with counsel for the Plaintiff concerning this motion. Counsel for Plaintiff has advised Attorney Crocker that he does not oppose the relief requested by this Motion.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, AmeriFinancial Solutions, LLC, respectfully requests that its Unopposed Motion for Leave to Proceed Without Local Counsel be GRANTED; that Defendant, AmeriFinancial Solutions, LLC, be granted relief from the local counsel requirements set forth in LR 83.10(a); and, that Defendant, AmeriFinancial Solutions, LLC, be granted leave to proceed in this case without the requirement of local counsel. Defendant, AmeriFinancial Solutions, LLC, further request that it be granted all such other and further relief, at law or in equity, to which it may show itself justly entitled to herein.

Dated: July 11, 2022.                            Respectfully submitted,

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.
Texas Bar No. 05087250

BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Ste. 400
Austin, Texas 78731
(512) 649-2417 [Direct]
(512) 279-0310 [Fax]
E-Mail:  kcrocker@bn-lawyers.com

ATTORNEYS FOR DEFENDANT
AMERIFINANCIAL SOLUTIONS, LLC

6

## CERTIFICATE OF CONFERENCE

This is to certify that on the 11th day of July 2022 the undersigned counsel for Defendant Certified Recovery, Inc. conferred with counsel for Plaintiff concerning the relief requested in the above and foregoing "*Defendant's Unopposed Motion for Leave to Proceed Without Local Counsel With Incorporated Brief*" and was advised that counsel for Plaintiff does not oppose the motion.

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.

## CERTIFICATE OF SERVICE

This is to certify that on the 11th day of July 2022, a true and correct copy of the above and foregoing "*Defendant's Unopposed Motion for Leave to Proceed Without Local Counsel With Incorporated Brief*" was served *via the Court's CM/ECF system and/or by e-mail transmission* on counsel for Plaintiff, Nathan C. Volheim, Esq. and Eric D. Coleman, Esq., of Sulaiman Law Group, Ltd, 2500 South Highland Ave., Ste. 200, Lombard, Illinois 60148, (630) 568-3056 [Telephone], (630) 575-8188 [Facsimile], e-mails: nvolheim@sulaimanlaw.com, ecoleman@sulaimanlaw.com, alejandrof@sulaimanlaw.com, and Nayeem N. Mohammed, Esq., Law Offices of Naeem N. Mohammed, 539 W. Commerce St. #1899, Dallas, Texas 75208, (972) 767-9099 [Telephone], e-mail: nayeem@nnmpc.com.

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.